UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORGE A. ARIAS,<br><br>　　　　　　　　　Petitioners,<br><br>　　v.<br><br>ANTONE MONIZ, *Plymouth County Correctional Facility,* JOSEPH MCDONALD, JR., *Sheriff of Plymouth County*, PATRICIA HYDE, *Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement,*<br><br>　　　　　　　　　Respondents. | Civil Action No. 1:25-cv-11605-ADB |

### RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this opposition to the Petition for Writ of Habeas Corpus filed by Petitioner Jorge A. Arias ("Petitioner"). Doc. No. 1, Petition for Habeas Corpus ("Petition"). Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases.

### INTRODUCTION

Under long-standing precedent from the Supreme Court and the U.S. Court of Appeals for the First Circuit, this Court lacks habeas jurisdiction over this Petition because Petitioner was not in the District of Massachusetts when he filed this action seeking release from U.S. Immigration and Customs Enforcement ("ICE") custody. *See* Declaration of Assistant Field Office Director Keith Chan ("Chan Decl."), attached as *Exhibit A*. Instead, when he filed this Petition on June 3, 2025, Petitioner was in ICE custody in Pennsylvania at the Moshannon Valley Correctional

Facility in Philipsburg, Pennsylvania. *Id.*, ¶ 8. ICE transferred Petitioner from Massachusetts on May 27, 2025 to Philipsburg, Pennsylvania, where he remains detained. *Id.*

In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court made clear an individual challenging his detention through a habeas petition must file that petition in the district where she is detained and must name the custodian detaining her in such district as the respondent. *Id.,* at 434-35. The First Circuit, in *Vasquez v. Reno* has also concluded that a district court did not have jurisdiction over a habeas petition filed "in a jurisdiction where neither he nor his immediate custodian was physically present." 233 F.3d 688, 695 (1st Cir. 2000).

Because Petitioner was not in this district when he filed this action, and because no exceptions to the general rule set forth above exist, this Court lacks habeas jurisdiction to consider his Petition. *See, e.g.*, *Tham v. Adducci*, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (holding that "jurisdiction lies in only one district: the district of confinement."); *Rombot v. Moniz*, 299 F. Supp. 3d 215, 218 (D. Mass. 2017) ("A district court may only grant a petitioner relief when the court is located in the 'district of confinement.'") (quoting *Padilla*, 542 U.S. at 443); *Kantengwa v. Brackett*, No. 19-CV-12566-NMG, 2020 WL 93955, at *1 (D. Mass. Jan. 7, 2020) ("Because the District of Massachusetts is not the district of [petitioner's] confinement, jurisdiction is lacking."); *Hernandez v. Lyons*, 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

As such, this Petition should be transferred to the United States District Court for the Middle District of Pennsylvania as Petitioner was in ICE custody in Philipsburg, Pennsylvania at the time the action was filed. *See Ozturk v. Trump*, No. 25-CV-10695-DJC, 2025 WL 1009445, at *10-11 (D. Mass. Apr. 4, 2025) (transferring petition to the District of Vermont as petitioner

was in that district when habeas petition was filed).

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Petition, Petitioner, who is lawfully detained by U.S. Immigration and Customs Enforcement ("ICE"), is currently in removal proceedings in the immigration court in Massachusetts, with a Master Calendar hearing scheduled in the future. *See* Petition, Dkt. No. 1, pp. 2, 3, ¶¶ 4, 6. The Petition asserts that Petitioner was detained by ICE on May 19, 2025. *Id.,* p. 9, ¶ 11. Petitioner was initially detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts on May 19, 2025; however, on May 27, 2025, Petitioner was transferred to the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. *See* Chan Decl., *Exhibit A,* ¶¶ 7, 8. Currently, Petitioner remains in detention at that facility in Pennsylvania. *Id.,* ¶ 8.

As explained in greater detail below, this Court should deny the Petition for want of subject matter jurisdiction as Petitioner was not detained in Massachusetts at the time of the Petition's filing on June 3, 2025; rather, he was detained, and is currently detained, in Philipsburg, Pennsylvania at all relevant times hereto.

## ARGUMENT

### A. The Immediate Custodian and District of Confinement Rules Apply to this Petition and Render this Court without Jurisdiction.

Petitioner filed the Petition pursuant to 28 U.S.C. § 2241 which provides in relevant part that "[w]rits of habeas corpus may be granted by … the district courts within their respective jurisdictions" where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. A writ of habeas corpus granted by a district court "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. A district court therefore must have jurisdiction over the custodian because the "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in

3

what is alleged to be unlawful custody." *Vasquez*, 233 F.3d at 690 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)). As explained by another session of this Court recently, "as a general rule, a petitioner must file a habeas petition in the district in which they are confined and must name as a respondent the petitioner's immediate custodian." *Ozturk*, 2025 WL 1009445, at *4 (D. Mass. Apr. 4, 2025).

Because Petitioner was not detained in Massachusetts when he filed his Petition, this Court lacks jurisdiction over this matter. Given this Court lacks habeas jurisdiction under the above rules, the proper course is for this Court to dismiss the action or transfer it to the district of confinement at the time the Petition was filed.

**A.    This Court Lacks Subject Jurisdiction over Petitioner.**

As explained by United States District Court Judge Gorton in response to a habeas petition in this court filed by an ICE detainee in custody outside of the District of Massachusetts, "[t]he question of whether the Court has jurisdiction over this matter breaks down into two sub questions: (1) Who is the proper respondent? and (2) Does this Court have jurisdiction over him or her?" *Kantengwa,* 2020 WL 93955, at *1 (D. Mass. Jan. 7, 2020). As discussed below, the proper respondent is Petitioner's immediate custodian at the Moshannon Valley Correctional Facility in Philipsburg, Pennsylvania. At bottom, this Court does not have jurisdiction over such individual since Petitioner is not detained in Massachusetts.

**1.    Petitioner has Named an Improper Respondent to this Action.**

As mentioned above, the Supreme Court has explained that when considering "challenges to present physical confinement … the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld*, 542 U.S. at 439 (2004). The Supreme Court reasoned that without this immediate custodian rule in place, the result "would be

4

rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation 137 years ago." *Id.* at 447.

Similarly, in considering a habeas petition filed by a detainee in immigration custody, the First Circuit held that the proper respondent is the immediate custodian, *i.e.* the individual "who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690 (1st Cir. 2000). The First Circuit explained that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by [ICE] normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." *Id.*

Petitioner therefore named the wrong respondents as they are not his custodian. *See Tham*, 319 F. Supp. 3d at 577 (explaining that for an ICE habeas petitioner detained in New Hampshire, the correct respondent is the Superintendent of that facility); *Faulkner v. US. Immigr. & Naturalization,* No. CV 22-12122-WGY, 2023 WL 3868437, at *2 (D. Mass. June 7, 2023) (holding that "the proper respondent is the warden of the institution where Faulkner was confined when the petition was filed. Because Faulkner is at the Central Maryland Correctional Facility, the proper respondent is warden at this Maryland facility."); *Kantengwa*, 2020 WL 93955 at *1 ("Because Kantengwa was at the Strafford County Detention Center at the time she filed her petition (and remains there still), the proper respondent is Warden Brackett. The other persons identified as respondents are not proper parties to this action.").

The First Circuit did acknowledge that there could be "extraordinary circumstances" in which an official with supervisory control could be named as the respondent for an ICE detainee's habeas petition. *Vasquez*, 233 F.3d at 697. For example, the *Vasquez* Court cited a case where the ICE detainee was "being detained in an undisclosed location" or envisioned a

case where ICE "spirited an alien from one site to another in an attempt to manipulate jurisdiction." *Id.* But in *Vasquez*, the First Circuit found no "hint of anything that might qualify as an extraordinary circumstance" in that the petitioner was required to file his petition in the district of his confinement (Louisiana), even if that jurisdiction was considered a less hospitable judicial district for the detainee to present his claims. *Id.*

Here, too, there are no extraordinary circumstances cited that make appropriate the naming of the wrong custodians as the respondents to this action as ICE has detained Petitioner in Philipsburg, Pennsylvania since May 27, 2025, where he is currently located. *See* Chan Decl., *Exhibit A,* ¶ 8. *Tham*, 319 F. Supp.3d at 577 (D. Mass. 2018) (finding "no extraordinary facts in this case that would warrant deviating from the immediate custodian rule."). At no time was Petitioner in Massachusetts on the date of the Petition's filing on June 3, 2025. If Petitioner wished to challenge his current detention, he should have filed his habeas petition with the district court that has jurisdiction over his immediate custodian. Petitioner failed to do so, however, and therefore has named an improper respondent for this action to challenge his current detention in Philipsburg, Pennsylvania.

### 2. This Court lacks jurisdiction over Petitioner's custodian at the Moshannon Valley Correctional Facility in Philipsburg, Pennsylvania

Answering the second question posed by Judge Gorton in *Kantengwa*, this Court does not enjoy jurisdiction over this habeas petition since it lacks jurisdiction over Petitioner's immediate custodian at the Moshannon Valley Correctional Facility located in Philipsburg, Pennsylvania. A district court is statutorily authorized to issue a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243. Consequently, such individual holding custody must be "within [the court's] respective jurisdiction[]." *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). As explained by the First Circuit, this statutory language means

"that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690.

Because Petitioner is not detained in the District of Massachusetts and was not detained in Massachusetts at the time of the Petition's filing on June 3, 2025, this Court lacks jurisdiction over his immediate custodian at the Moshannon Valley Correctional Facility in Philipsburg, Pennsylvania. Without undue repetition, courts within this district routinely find that they do not have jurisdiction over custodians outside of the District of Massachusetts. *Tham*, 319 F. Supp.3d at 577 ("jurisdiction lies in only one district: the district of confinement."); *Kantengwa*, 2020 WL 93955, at *2 ("Because the District of Massachusetts is not the district of Kantengwa's confinement, jurisdiction is lacking."); *Faulkner*, 2023 WL 3868437, at *2 (same); *Hernandez*, 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

## CONCLUSION

For these reasons stated herein, this Court lacks jurisdiction over the Petitioner and should therefore dismiss or deny the Petition or, in the alternative, transfer this matter to the United States District Court for the Middle District of Pennsylvania where the custodian of Petitioner resides.

                                                                    Respectfully submitted,

                                                                    LEAH B. FOLEY
                                                                    United States Attorney

Dated: June 16, 2025                      By:    */s/ Michael Sady*
                                                           MICHAEL SADY
                                                           Assistant United States Attorney
                                                           United States Attorney's Office
                                                           1 Courthouse Way, Suite 9200

Boston, MA 02210<br>
Tel.: 617-748-3100<br>
Email: michael.sady@usdoj.gov

## CERTIFICATE OF SERVICE

I, Michael Sady, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 16, 2025              By:    */s/ Michael Sady*
                                         Michael Sady
                                         Assistant United States Attorney